**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-07-155 |
| | § | |
| MAZEN ABDALLAH, | § | |
| WESAM ABDALLAH. | § | |

**MEMORANDUM AND ORDER**

This Medicare and Medicaid fraud case arose out of ambulance transportation of individuals to and from regularly scheduled, nonemergency dialysis treatments. The individuals transported all suffered from end-stage renal disease. The government alleged that Mazen and Wesam Abdallah, brothers who purchased and operated an ambulance service from the codefendants, committed fraud and conspiracy to defraud by submitting claims for payment by Medicare and Medicaid for regularly scheduled nonemergency ambulance transports to and from dialysis of patients whose medical conditions did not qualify them to receive this benefit. The government also alleged that Wesam Abdallah violated the statutory "antikickback" provisions prohibiting soliciting ambulance riders by paying them or someone else to obtain the business, and that Mazen Abdallah committed money laundering using the proceeds of the healthcare fraud.

Two codefendants, Ayad Fallah and Murad Almasri, pleaded guilty to conspiracy to commit health care fraud. After a five-week trial in which the codefendants were among over forty witnesses, the jury convicted Mazen and Wesam Abdallah of conspiracy to defraud Medicare and Medicaid programs and to obtain money from Medicare and Medicaid by false billing, in violation of 18 U.S.C. § 1347. The jury acquitted Mazen Abdallah of the substantive healthcare fraud counts and acquitted him of the money laundering charge. The jury convicted Wesam Abdallah of four substantive counts of healthcare fraud and one count of violating the antikickback statute. The

evidence at trial included exhibits and testimony about the medical treatment and history of the individuals transported by the Abdallahs.  The parties were directed to retain the exhibits at the close of trial.

Both defendants moved for a judgment of acquittal or in the alternative for a new trial.  They argued that the evidence was insufficient and that prosecutorial misconduct, *Brady* violations, and the court's erroneous legal rulings infected the trial.  On April 29, 2009, this court issued a 102-page memorandum and opinion denying the defendants' motions for a judgment of acquittal or in the alternative for a new trial.  (Docket Entry No. 489).  This court then held several hearings and carefully considered the sentencing issues involved in this case.  On May 12, 2009, Mazen and Wesam Abdallah were sentenced to thirty-month terms of imprisonment each and were remanded to the custody of the Bureau of Prisons.  (Docket Entry Nos. 502, 503).  The defendants were ordered to pay restitution to Medicare and Medicaid, jointly and severally, in the total amount of $637,425.79.  (*Id.*).

The Abdallahs have each filed a notice of appeal.  As part of the appeal, the Abdallahs have ordered the transcripts of the proceedings in this court.  The trial transcript was filed on June 30, 2009 and will be available to the public on PACER in September 2009.  The trial exhibits will also be a part of the record before the appellate court.

The government has moved to seal the entire record for appeal.  (Docket Entry No. 573).  The government argues that the trial exhibits must be sealed to prevent disclosure of private information, including patients' medical history and treatment, medical records, social security numbers, birth dates, and addresses.  The government contends that "[r]edacting these records would not make sense because the entirety of the record would likely need to be redacted."  (*Id.*, at 3).  The

government contends that sealing all transcripts is warranted because the trial "testimony regarding patients' medical conditions and treatments" is "essentially the entire record." (*Id.*, at 4).

The Abdallahs responded, arguing that the circumstances of this case do not warrant the "drastic measure" of sealing the entire trial record. (Docket Entry No. 574). The Abdallahs contend that sealing the record would violate the public's right of access to court documents and trial proceedings. They also contend that sealing the record would violate their own "constitutionally protected interest in ensuring that proceedings are public and transcripts publicly available." (*Id.*, at 2).

"Courts have recognized that the public has a common law right to inspect and copy judicial records," but that "right is not absolute." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Id.* In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. However, "'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). The presumption that judicial records are open to the public is based on the nature of democracy and the "citizen's desire to keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1306.

Under Federal Rule of Criminal Procedure 49.1, when a court filing contains "an individual's social-security number . . . or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual," the filing must be redacted and may only include the last four digits of the social-security number or financial account number, the year of the individual's birth, the minor's initials, and the city and state of the home address. FED. R. CRIM. P. 49.1(a). All documents filed with the court, including trial exhibits, are subject to the redaction requirement. *See* FED. R. CRIM. P. 49.1 (Advisory Committee Note, 2007 amendments) ("Trial exhibits that are not initially filed with the court must be redacted in accordance with the rule if and when they are filed as part of an appeal. . . ."). "It may also be necessary to protect information not covered by the redaction requirement . . . in a particular case." *Id.* "The court may order that a filing be made under seal without redaction." FED. R. CRIM. P. 49.1(d). For good cause shown, the court may order redaction of additional information or limit or prohibit a nonparty's remote electronic access to a court filing. FED. R. CRIM. P. 49.1(e).

In the present case, the government has not shown good cause to seal the entire trial transcript. To the extent the trial transcript contains the specific personal identifiers listed under Rule 49.1, it must be redacted by the parties.[1] But the trial testimony about patients' medical histories and treatments was offered by the patients themselves in open court and was a vital part of the government's case against the Abdallahs. The government alleged, and the jury found, that the patients' medical conditions did not qualify them for Medicare-reimbursed ambulance transport. The asserted privacy interest of the patients in not having the trial transcript publicly available does

---

[1] It is unlikely that a large number of the redactions required by Rule 49.1 – social-security number, birth date, home address — will need to be made in the trial transcript.

4

not outweigh the public's common-law right of access to the court documents and proceedings in this Medicare fraud case.

With respect to the trial exhibits, the government's motion to seal is granted as to the medical records and billing records filed as exhibits.  The medical and billing records contain numerous instances of an individual's social-security number, birth date, and home address.  The volume of such records would make effective redaction difficult.  The medical and billing records and other similar documents offered as exhibits will be under seal.  The motion to seal the transcripts and other exhibits is denied.

The government's motion to seal is granted in part and denied in part.  The trial transcripts will not be sealed, but the parties must make the redactions required by Rule 49.1.  The medical and billing records offered as exhibits will be filed under seal.

SIGNED on July 24, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5